IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        :

                          :      Case No: 1607016935

                          :      In and For Kent County

      v.                  :

                          :

JOHN G. GEIST,          :

                          :

      Defendant.       :

## **O R D E R**

Before the Court is Defendant Geist's Motion to Suppress evidence discovered in the course of a police search of Defendant's vehicle.

The circumstances of the search have led Defendant to argue that the warrantless search was invalid. On July 22, 2016, beginning around 6:20 p.m., under clear skies, D.S.P. Officer Hamilton, on standard road patrol, was situated in his vehicle, stopped on Messina Hill Road perpendicular to northbound DuPont Highway in Smyrna, Kent County, Delaware, operating his radar equipment to enforce traffic regulations.

In that posture, Defendant passed Officer Hamilton's position exceeding the posted speed limit. Officer Hamilton pulled out and pursued Defendant. Defendant pulled over to a safe location, and stopped without incident. Officer Hamilton approached Defendant, who remained in his vehicle, where he was the driver and only occupant. Upon request of Officer Hamilton, Defendant provided the documentation requested (all except insurance verification, which was provided very shortly thereafter), whereupon Officer Hamilton returned to his vehicle at approximately 6:56 to do his checking and paperwork. He returned to Defendant's car, having Defendant exit the vehicle; engaging in a very brief conversation with

Defendant; and, at 7:02, advised Defendant that he was "free to go." At some time in those 6 minutes, a second traffic officer arrived on the scene. He then asked Defendant if he had any questions. Defendant asked the amount of his speeding fine.

At that point, the engagement of all aspects of the speeding violation had completed. Nevertheless, Officer Hamilton spontaneously asked Defendant if he had any weapons or drugs in his vehicle. Other than an unspecific "thought that he might be under the influence of alcohol," Officer Hamilton had utterly no basis for any suspicion that Defendant was transporting anything untoward. On Defendant's negative reply, Officer Hamilton asked Defendant if he could search the automobile. Defendant, after a fashion, consented. Certainly, if there had existed any reasonable suspicion on the part of Officer Hamilton that any such contraband were present, a warrant to search, at least arguably, could have been obtained, and consent of the Defendant would have substituted entirely adequately. There was, however, in this case, utterly no basis for any such suspicion.

The State argues that, under the circumstances extant, the consent was fully sufficient, in and of itself, to provide for a valid search, because it was not in any manner coerced. To say that a reasonable person, standing at the instruction of the officer outside of his vehicle, while wearing sandals, shorts and no shirt, confronting two fully uniformed and armed officers would feel no coercion effect simply flies in the face of reality. In that situation, "Mind if I look around" is not really a question. It is tantamount to the statement: "I'm going to look in your car to see if you're telling the truth." The coercion is the situation. All of that, however, is not critical to this consideration.

The State refers to case law to argue flatly that no reasonable, articulable basis for a search need exist so long as consent is given. One such case is *State v. Friend*, 2008 WL 9004456. In that case, Judge Silverman wrote a thorough analysis of the present state of the law in a case of consent to search in the course of a simple traffic violation stop, concluding that the search was valid. That decision recognized a significant split of authority among the various state and federal jurisdictions on the topic, noting that Delaware law is not settled, and also noting distinctions of nuance among decisions, leaving an absence of any precisely "on all fours" decision. An example of that would be *State v. Babb*, 2012 WL 2152080. In that case, then President Judge Vaughn sustained a defendant's motion to suppress a search based upon roadside consent in a traffic stop position. That case involved a consent given before the violation and defendants ticket had been completed. Hence, this case, as essentially each other case, can be argued to be distinguishable.

In any event, given the fine, factual distinctions among many cases, I find the philosophy expressed in *State v. Carty*, (New Jersey) 790 A.2 903 (2002) fairly and reasonably states the applicable analysis:

> "Travelers on our State highways should not be subjected to the harassment, embarrassment, and inconvenience of an automobile search following a routine traffic stop unless the officers has at least an articulable suspicion that the search will yield evidence of illegal activity."

In this case at bar, the entire traffic stop had completed without any articulable suspicion of any kind on the part of the officer. As of that point, when Defendant had no reason to be detained in any manner, the very question asking consent had no

basis. Accordingly, the consent obtained was invalid, necessitating a suppression of the evidence found by the officer in his warrantless search of Defendant's vehicle.

For those reasons, Defendant's Motion to Suppress is **GRANTED**.

**SO ORDERED** this 28th day of November, 2016.

/s/ Robert B. Young

J.

RBY/lmc
oc:    Prothonotary
cc:    Lindsay A. Taylor, Esquire
       Kathleen K, Amalfitano, Esquire
       Opinion Distribution